UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JAMES D. HUSPON, )
)
        Petitioner, )
v. ) No. 1:10-cv-24-SEB-DML
)
THOMAS HANLON, Superintendent, )
)
        Respondent. )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

Having considered the pleadings and the expanded record in this action for habeas corpus relief brought by James Huspon ("Huspon"), the court concludes that his petition for a writ of habeas corpus must be **denied.**

**A.**

Huspon seeks a writ of habeas corpus with respect to his 2004 Marion County conviction for unlawful possession of a firearm by a serious violent felon and habitual offender enhancement. Huspon's conviction and sentence were affirmed on appeal on February 15, 2005. *Huspon v. State*, 823 N.E.2d 336 (Ind.Ct.App. Feb. 15, 2005)(Table).

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review

process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000). However, the statute of limitations is tolled for that period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

## B.

The facts pertinent to the computation of the statute of limitations are the following:

- !  Huspon's convictions were affirmed by the Indiana Court of Appeals on February 15, 2005. The Indiana Supreme Court denied Huspon's petition for transfer on March 31, 2005.

- !  The last day on which Huspon could have filed a timely petition for a writ of certiorari review with the United States Supreme Court was June 29, 2005.

- !  On December 7, 2006, Huspon filed a petition for post-conviction relief in the trial court. That action was pending until October 1, 2009, the date the Indiana Supreme Court denied the petition for transfer in *Huspon II*.

- !  Huspon's habeas petition was filed with the clerk on January 7, 2010. Huspon signed the petition for a writ of habeas corpus on December 22, 2009.

## C.

The legal significance of the foregoing facts is the following:

- !  Huspon's conviction was "final," for statute of limitations purposes, on June 29, 2005. This was the last day on which Huspon could have filed a petition for a writ of certiorari with the United States Supreme Court following the denial of his petition to transfer in *Huspon I. See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired); *Powell v. Davis,* 415 F.3d 722, 726 (7th Cir. 2005).

- !  The statute of limitations established by 28 U.S.C. 2244(d) began to run on June 30, 2005.

- !  The statute of limitations established by 28 U.S.C. 2244(d) expired one year later, on July 1, 2006. Huspon had until that date in which to file his federal habeas petition.

- !  Applying the prison mailbox filing rule here, Huspon's petition for writ of habeas corpus can be deemed to have been filed on the date it was signed, December 22, 2009.

- The AEDPA statute of limitations expired nearly 3½ years before this habeas action was filed. Because of this, Huspon's pursuit of post-conviction relief in the Indiana state courts is not relevant to the computation of the statue of limitations in this case. *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

- The AEDPA statute of limitations expired more than five (5) months before Huspon's petition for post-conviction relief was filed.

**D.**

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Huspon has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks.

His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

**II.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Mr. Huspon has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/08/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana